IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SHELDON CUMMINGS**                                             **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO.:** 5:23-cv-104-KS-BWR

**LANDON KADE LAMBERT and PROGRESSIVE
COUNTY MUTUAL INSURANCE COMPANY
DBA PROGRESSIVE INSURANCE COMPANY**                              **DEFENDANT**

---

**COMPLAINT FOR DAMAGES
JURY TRIAL REQUESTED**

---

**COMES NOW**, Plaintiff, **SHELDON CUMMINGS**, by and through his undersigned attorney, and hereby files his Complaint for Damage against Defendants, **LANDON KADE LAMBERT**, and **PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY DBA PROGRESSIVE INSURANCE COMPANY** and for his cause of action would show unto the court the following, to-wit:

**I. JURISDICTION AND VENUE**

1. This is a civil action to recover monetary damages for personal injuries of **SHELDON CUMMINGS**, pursuant to 28 U.S. Code § 1332, complete diversity of citizenship exists between Plaintiff and Defendants. Plaintiff is an adult resident of the State of Louisiana and Defendant is an adult resident of the State of Mississippi. The amount in controversy exceeds $75,000.00, and the Southern District of Mississippi of the United States Federal Court has subject matter over this cause of action.

2. Venue is proper in this District pursuant to 28 U.S.C. 1391(a), as Defendant caused the accident/dangerous event that forms the basis of this lawsuit in this United States District of Southern Mississippi. At all relevant times, Plaintiff resided/conducted business within this

District, the actions and/or inaction sued upon occurred in this District, the property at issue herein was at all pertinent times located in this District, and the damage to his person at issue herein, occurred in this District.

Complete diversity exists in this case because none of the properly joined Defendants are citizens of the same state as Plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 67-68 (1996). Additionally, the amount in controversy exceeds the minimum jurisdictional amount, exclusive of interest and cost. 28 U.S.C. § 1332(a). Therefore, the United States District Court for the Southern District of Mississippi has jurisdiction over this action.

## II. PARTIES

3. That Plaintiff, **SHELDON CUMMINGS**, (hereinafter referred to as "Plaintiff"), is an adult resident citizen of the Parish East Baton Rouge, Louisiana, with a fixed address of 1961 South Flannery Road, Baton Rouge, Louisiana 70816.

4. That Defendant, **LANDON KADE LAMBERT**, (hereinafter referred to as "Defendant"), is an adult resident citizen of Magnolia, Pike County, Mississippi, and is subject to service of process at his residence: 3209 Claude Smith Road, Magnolia, Mississippi 39652.

5. That Defendant, **PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY DBA PROGRESSIVE INSURANCE COMPANY (NAIC 24260)**, (hereinafter referred to as "Defendant"), is an insurance carrier, and is subject to service of process through its agent for service of process: C T Corporation System of Mississippi 645 Lakeland East Drive Suite 101 Flowood, MS 39232.

## III. BACKGROUND FACTS

5. On *December 7, 2020*, Defendant, **LANDON KADE LAMBERT**, was Northbound on Horseshoe Road and was presented with a stop sign at the intersection of

Horseshoe Road and MS 24, in Pike County, Mississippi. Defendant, after failing to stop, or failing to proceed only after it was safe to do so, attempted a right turn on MS 24, and violently entered into the path of Plaintiff.

6. Plaintiff was proceeding in the lane of traffic eastbound on MS 24 (Pike County), when Defendant, **LANDON KADE LAMBERT**, turned into Plaintiff's path, causing a collision, which caused Plaintiff to suffer serious bodily injury and damage to his vehicle.

7. Defendant negligently operated his vehicle while failing to stop at a stop sign, and/or failing to proceed only after it was safe to do so.

8. That as a result, Plaintiff, **SHELDON CUMMINGS**, suffered severe bodily injuries resulting in pain and suffering, mental anguish, and expense of medical care and treatment.

## IV. CLAIMS

### A. NEGLIGENCE

9. That Plaintiff realleges paragraphs one (1) through ten (8) as if fully set forth herein.

10. That at the time and occasion in question, Defendant, **LANDON KADE LAMBERT**, owed a duty of care to Plaintiff and other motorists and their passengers traveling on MS 24 in Pike County, Mississippi. Defendant, **LANDON KADE LAMBERT**, breached the duty of care when Defendant negligently caused the collision between the vehicle he was driving, and the vehicle Plaintiff was operating.

11. That Plaintiff charges and alleges that Defendant, **LANDON KADE LAMBERT**, was negligent on the occasion in question in one or more of the following respects:

   a. failing to obey traffic laws;
   b. failing to yield the right of way to Plaintiff;

3

c. failing to maintain a proper lookout as such drivers/operators of ordinary prudence would have maintained under the same or similar circumstances;

d. failing to maintain an appropriate speed;

e. failing to pay close attention to the flow of traffic;

f. failing to use appropriate defensive driving techniques by not turning the vehicle to the left or right in an attempt to avoid the collision;

g. failing to timely apply the brakes of the vehicle to avoid the occurrence in question;

h. failing to operate his vehicle as a reasonable, prudent driver/operator would have under the same or similar circumstances;

i. all other acts of negligence that may be revealed and/or discovered at the trial of this matter; and

j. failing to apply his brakes, to stop his car.

12. As a direct and proximate result of the negligence of Defendant, **LANDON KADE LAMBERT**, Plaintiff **SHELDON CUMMINGS**, suffered severe and permanent injuries.

### B. NEGLIGENCE PER SE

13. That Plaintiff realleges paragraphs one (1) through fourteen (12) as if fully set forth herein.

14. As a result of Defendant's, **LANDON KADE LAMBERT's**, negligence per se, and as a direct and proximate result thereof, Plaintiff, **SHELDON CUMMINGS** was severely injured.

### V. DAMAGES

15. By reason of the automobile collision and Plaintiff's subsequent personal and consequential damages, Plaintiff, **SHELDON CUMMINGS**, is entitled to damages in the

amount of five hundred thousand (*$500,000.00*) for said causes of actions, plus costs, pre-judgment interest, and post-judgment interest as this Honorable Court deems appropriate.

    a. Past, present, and future pain, and suffering;

    b. Past, present and future emotional distress, and mental anguish, including fear of imminent death;

    c. Past, present, and future, loss of enjoyment of life;

    d. The mental anguish that Plaintiff has suffered due to Defendant's unreasonable handling of Plaintiff's claims;

    e. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries.

    f. Pre-judgment and post-judgment interest;

    g. Economic damages;

    h. Punitive damages; and

    i. All other damages of any type allowed by law.

16.    The total sum of Plaintiff's, **SHELDON CUMMINGS**, damages, both past and future, are within the jurisdictional limits of this Court. Said damages were legally caused by Defendants.

## VI. ATTORNEY'S FEES

17. Defendant's conduct as described in this Complaint and the resulting damages and losses to Plaintiff have necessitated Plaintiff retaining the attorney whose name is subscribed to this Complaint. Plaintiffs are therefore, entitled to recover from Defendants an additional sum to compensate Plaintiffs for a reasonable fee for such attorney's services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts.

## VII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that on final trial, Plaintiff have the following:

a. Judgment against Defendant for actual and consequential damages as enumerated in the proceeding pleadings;

b. Pre and post judgment interest as provided by law;

c. Attorney's Fees;

d. Costs of suit; and

e. Such other further relief to which Plaintiff may show himself justly entitled.

**RESPECTFULLY SUBMITTED**, this the 6th day of December 2023.

BY: /s/ *Daniel E. Morris*
**DANIEL MORRIS, MSB #102723**
*Attorney for Plaintiff*

**OF COUNSEL:**

**DANIEL E. MORRIS LAW FIRM, PLLC.**
**P.O. BOX 40811**
**BATON ROUGE, LA. 70835**
**P:** 888 966-7747
**F:** 877-966-7747
**E:** danielmorris@demlawfirm.com
   genara@demlawfirm.com
**W:** www.demlawfirm.com