IN THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SHELDON CUMMINGS**                                                                 **PLAINTIFFS**
and **CHANELLE L. JONES-CUMMINGS**

**VS.**                                  **CIVIL ACTION NO.:**   **5:23-CV-104-KS-BWR**

**HOLLY G. LAMBERT**, **LANDON KADE LAMBERT** and
**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY**
**DBA PROGRESSIVE INSURANCE COMPANY**         **DEFENDANT**

### PLAINTIFFS' MOTION FOR DEFAULT JUDGEMENT

**TO THE HONORABLE JUDGE OF THE ABOVE-ENTITLED COURT:**

Plaintiffs, SHELDON CUMMINGS and CHANELLE L. JONES-CUMMINGS, hereby respectfully moves for a **default judgment** against all defaulted Defendants jointly and severally, per Fed. R. Civ. P. 55(b)(2), L.R. 55-1, and the Clerk of Court's order of entry of default on March 11, 2024 (Dkt. No. 15). Specifically, Plaintiffs respectfully request that the Court enter a **default judgment** against Defendant Holley G. Lambert, awarding Plainitffs' costs and damages, attorneys' fees, and post-judgment interest, consistent with the relief requested in Plaintiffs' Complaint.

### MEMORANDUM OF POINTS AND AUTHORITIES

**The Procedural Requirements for Default Judgment are Satisfied**

Per Fed. R. Civ. P. 55(b)(2), the Court may order **default judgment** following the entry of **default** by the Clerk of the Court. See *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). In this case, **default** has been entered by the Clerk against Defendant Holley G. Lambert.

Accordingly, application is hereby made to the Court for a **default judgment** against Defendant Holley G. Lambert, see, Fed. R. Civ. P. 55(b)(2). This application is accompanied by a declaration in compliance with Fed. R. Civ. P. 55(b)(2) and L.R. 55-1, averring as to the following:

(1) when and against each Defendant **default** was entered; (2) the identification of the pleading to which each **default** was entered; (3) that the defaulting Defendants are not infants or incompetent persons; (4) that the Servicemembers Civil Relief Act (50 U.S.C. § 3931 (formerly 50 App. U.S.C. § 521)) does not apply; and (5) that notice has been served on the defaulting Defendants if and as required by Fed. R. Civ. P. 55(b)(2). *See* *Philip Morris USA Inc. v. Castworld Prods. Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Finally, this application complies with Fed. R. Civ. P. 54(c), in that the requested **default judgment** does "not differ in kind from, or exceed in amount, what is demanded in" Plaintiffs' Compliant. "Thus, the [C]ourt, in its discretion, may order a **default judgment** against Defendant[s] based on the *Eitel* factors, outlined below." *Cal. Sec. Cans,* 238 F. Supp. 2d at 1175.

### No Dispute Concerning Material Facts

As set forth above, Plaintiffs filed a well-pleaded Complaint alleging the elements necessary to prevail on Plaintiffs' causes of action. Subsequently, the Clerk entered **defaults** against the Defendants. "Upon entry of **default**, all well-pleaded facts in the complaint are taken as true, except those relating to damages. Accordingly, no genuine dispute of material facts would preclude granting [Plaintiffs'] **motion**." *Cal. Sec. Cans,* 238 F. Supp. 2d at 1177 (internal citation omitted); *see also* *Elektra Entm't Grp. Inc.*, 226 F.R.D. at 393 ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters **default** …, there is no likelihood that any genuine issue of material fact exists. This factor therefore indicates the propriety of entry of **default judgment**."); *Philip Morris USA Inc.*, 219 F.R.D. at 500 ("Here, Plaintiff filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered **default** against the Defendant. Thus, no dispute has been raised regarding the material averments of the complaint, and the likelihood that any genuine issue may exist is, at best, remote. This factor therefore favors the entry of **default**.").

**Policy Favoring Decision on Merits Does Not Bar Default Judgment**

"Cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. However, "[u]nder Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Cal. Sec. Cans,* 238 F. Supp. 2d at 1177.

Defendants failed to respond to or defend this action, and failed to comply with the Court's orders and the Federal Rules of Civil Procedure, this factor does not preclude the Court from entering **default judgment** against Defendants.

**Costs of Suit and Damages**

Consistent with the relief prayed for in its Complaint, and with 15 U.S.C. § 1117(a) and Fed. R. Civ. P. 54(d)(1), Plaintiffs respectfully request that the Court enter **default judgment** against Defendants jointly and severally, awarding Plaintiffs its costs of suit, which currently total **$6,036.21** as set forth the accompanying declaration. *See Philip Morris USA Inc.,* 219 F.R.D. at 502-03. Per L.R. 54-2, if Plaintiffs is found to be a prevailing party entitled to costs under Fed. R. Civ. P. 54(d)(1), Plaintiffs will file an Application to the Clerk to Tax Costs as required by L.R. 54-2.1, including a detailed bill of costs. Per L.R. 54-8, for an award of any costs not governed by Fed. R. Civ. P. 54(d)(1), Plaintiffs will file a **motion** within fourteen (14) days after the entry of **default judgment**, unless otherwise ordered by the Court. Plaintiffs are also entitled to damages prayed for in the complaint of $500,000.00.

**Attorneys' Fees**

Consistent with the relief prayed for in its Complaint (*see* Compl. ¶¶ 118(B)(v), 120), and with 15 U.S.C. § 1117(a) and Fed. R. Civ. P. 54(d)(2), Plaintiffs respectfully requests that the Court enter **default judgment** against Defendants jointly and severally, awarding Plaintiffs its reasonable attorneys' fees, which currently total **$19,381.25** as set forth the following declaration.

Per 15 U.S.C. § 1117(a), "[t]he court in exceptional cases may award reasonable attorney

fees to the prevailing party." See also *Triunfo-Mex, Inc.,* 189 F.R.D. at 432 ("Section 1117(a) … allows for an award of attorneys' fees in connection with Lanham Act violations provided that exceptional circumstances are present."). "Exceptional circumstances exist in this matter due to defendant's deliberate and willful conduct." *Triunfo-Mex, Inc.,* 189 F.R.D. at 432; *see also Philip Morris USA Inc.,* 219 F.R.D. at 502 ("The term 'exceptional cases' is generally accepted to mean cases in which trademark infringement is 'deliberate and willful.'"). "Additionally, a case may be deemed 'exceptional,' and merit an award of attorneys' fees under the Lanham Act, when Defendant disregards the proceedings and does not appear." *Philip Morris USA Inc.,* 219 F.R.D. at 502. Plaintiffs alleges in their Complaint that Defendants' conduct was willful and deliberate (*see* Compl. ¶¶ 74, 83, 93, 99), and, as set forth above, it has been established that Defendants "refused to meaningfully communicate with [Plaintiffs] regarding this lawsuit" (*Philip Morris USA Inc.,* 219 F.R.D. at 502), or otherwise refused to answer or defend against Plaintiffs' claims.

Accordingly, Plaintiffs are entitled to recover attorneys' fees pursuant to the **default** schedule set forth in L.R. 55-3, or to request, at the time of entry of the **default judgment**, fees in excess of this schedule to be fixed by the Court. *See* L.R. 55-3; *Triunfo-Mex, Inc.,* 189 F.R.D. at 432-33. "The Court shall hear the request and render judgment for such fee as the Court may deem reasonable." L.R. 55-3.; *see also Triunfo-Mex, Inc.,* 189 F.R.D. at 433 ("The Court may exercise its discretion to award an amount in excess of the schedule if warranted.").

Plaintiffs hereby request attorneys' fees in excess of the **default** schedule set forth in L.R. 55-3, to be fixed by the Court. Per L.R. 54-7, Plaintiffs will file a **motion** or application for attorneys' fees within fourteen (14) days after the entry of **default judgment**, unless otherwise ordered by the Court.

### Post-Judgment Interest

Consistent with the relief prayed for in its Complaint (*see* Compl. ¶ 118(B)(v)), and with 28

U.S.C. § 1961(a), Plaintiffs respectfully requests that the Court award post-judgment interest applicable to any award of costs and/or attorneys' fees. "Under the provisions of 28 U.S.C. § 1961, post-judgment interest on a district court judgment is mandatory." *Air Separation, Inc. v. Underwriters at Lloyd's of London,* 45 F.3d 288, 290 (9th Cir. 1995). "Post-judgment interest applies to the entire judgment, including principal, pre-judgment interest, *attorneys' fees, and costs*." *Landsar Ranger, Inc. v. Parth Enters., Inc.,* 725 F. Supp. 2d 916, 924 (C.D. Cal. 2010) (emphasis added); *see also Air Separation, Inc.,* 45 F.3d at 290-91 (noting favorably that post-judgment interest has been applied to costs and attorneys' fees). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding … the date of the judgment." 28 U.S.C. § 1961(a).

## PRAYER

For the reasons set forth above, Plaintiffs respectfully requests that the Court enter **default judgment** against Defendant, awarding Plaintiffs its costs of suit and reasonable attorneys' fees plus post-judgment interest.

**RESPECTFULLY SUBMITTED,** this the **28th** day of June, 2024.

BY: *Daniel E. Morris*
**DANIEL MORRIS, MSB #102723**
**GENARA D. MORRIS, MSB#104103**
*Attorneys for Plaintiff*

OF COUNSEL:
**DANIEL E. MORRIS LAW FIRM, PLLC.**
P.O. Box 40811
Baton Rouge, LA
70835
P:  662 545-3175
F:  877-966-7747
E:  danielmorris@demlawfirm.com
     genara@demlawfirm.com