IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SHELDON CUMMINGS and**                                                            **PLAINTIFFS**
**CHANELLE L. JONES-CUMMINGS**

V.                                             CIVIL ACTION NO. 5:23-cv-104-KS-BWR

**HOLLY G. LAMBERT and**
**LANDON KADE LAMBERT**                                                              **DEFENDANTS**

## ORDER AND JUDGMENT AGAINST HOLLY G. LAMBERT AS TO LIABILITY ONLY

This cause is before the Court on Plaintiff's Motion for Default Judgment [19] against Holly G. Lambert on Plaintiff's claim for negligent entrustment. The Court has reviewed the Motion, the docket in this case, and the relevant legal authority. Having held an evidentiary hearing on January 15, 2025 and otherwise being fully advised in the premises, the Court finds the motion is well taken and will be granted. In so doing, the Court finds as follows:

A court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. *See* Fed. R. Civ. P. 55(1), (b)(2). "For a default judgment to occur, three steps must be fulfilled: (1) a default happens, which transpires when a defendant has failed to timely plead or otherwise respond to the complaint; (2) the clerk enters default when the plaintiff establishes default by affidavit or otherwise; and (3) the plaintiff applies to the clerk or court for a default judgement." *Orr Auto, Inc. v. Autoplex Extended Servs., LLC*, No. 5:24-CV-00029-RWS-JBB, 2024 WL 4901519, at *2 (E.D. Tex. Oct. 21, 2024), report and recommendation adopted, No. 5:24-CV-00029-RWS-JBB, 2024 WL 4893951 (E.D. Tex. Nov. 26, 2024) (citations omitted).

After the clerk enters a default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *DISH Network L.L.C. v. Barrett*, No. 1:16CV292-HSO-JCG, 2016 WL 7240144, at *1 (S.D. Miss. Dec. 14, 2016) (quoting *United States for Use of M-Co Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). If necessary, the court may conduct a hearing to (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegation by evidence; or (4) investigate any other matter. Fed. R. Civ. P. 55(b)(2).

Here, according to the executed returned summons filed on February 22, 2024, Holly G. Lambert was served on February 17, 2024. [5]. Based on Holly G. Lambert's failure to appear and answer the Amended Complaint, on April 10, 2024, Plaintiff applied for a Clerk's Entry of Default [13], which the Clerk entered against Holly G. Lambert on April 11, 2025. [15]. At that point, all well-pled allegations of the Amended Complaint [3] were deemed true.

Although the Court had entered an Order setting an evidentiary hearing as to damages, upon arrival at the hearing on January 15, 2024, counsel for Plaintiff advised the Court that Plaintiff was not seeking damages at this time, but only a default judgment as to liability. Thus, the Court proceeded with the hearing to establish the truth of certain allegations by evidence. Ms. Holly Lambert voluntarily appeared telephonically, was sworn, and was questioned by Plaintiff's counsel. Through the solicited testimony, in addition to the allegations of the Amended Complaint, Plaintiff established:

1. That Holly G. Lambert is the owner of the vehicle involved in the traffic accident that occurred on December 7, 2020, as described in the Amended Complaint.

2. That is Holly G. Lambert is the mother of Landon Kade Lambert, the driver of the vehicle involved in the traffic accident that occurred on December 7, 2020, as described in the Amended Complaint.

3. The Holly G. Lambert gave permission to Landon Kade Lambert to use her vehicle on December 7, 2020 and that Landon Kade Lambert used the vehicle to run an errand for Holly G. Lambert.

4. That Holly G. Lambert agreed to assign her rights against her insurance carrier.[1]

Based on the well-pled factual allegations of the Amended Complaint ([3] at ¶¶ 22-27) and the additional sworn testimony adduced at the hearing, the Court finds that a default judgment as to liability on Plaintiff's negligent entrustment claim against Holly G. Lambert is warranted.

THEREFORE, it is hereby ORDERED that Plaintiff's Motion for Default Judgment is GRANTED and Judgment is hereby entered only as to liability against Holly G. Lambert on the claim in the Amended Complaint for Negligent Entrustment. The Court reserves ruling on the issue of damages until such time as Plaintiff makes a motion for entry of a judgment on damages.

SO ORDERED AND ADJUDGED this 17th day of January 2025.

/s/ Keith Starrett
KEITH STARRETT
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Although this agreement was stated on the record by Holly G. Lambert, the Court makes no finding as to whether such an oral agreement actually effectuates a proper assignment.